IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS R. MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-16243 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| JUDGE JOSEPH GRADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

  The motions to dismiss filed by Defendants Peskind Law Firm and John Peskind [27], Defendants Angela Minella, Gail E. Minella, and Michael Minella [30], Defendants Bradley David, Joseph Grady, and Clint Hull [60], and Defendant Michael Doyen [72] are all granted. Plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction. Even if this Court had subject-matter jurisdiction, the complaint would be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a short and plain statement of Plaintiff's claims. Plaintiff's motion to strike allegations from Judicial Defendants' reply in support of their motion to dismiss [76] is denied. In addition, Plaintiff's motion for leave to submit a Rule 201 motion of judicial notice [80], Plaintiff's motion for leave to submit oversized brief [81], and Plaintiff's motion for judicial notice pursuant to Federal Rule 201 [82] are denied as moot. The Clerk is directed to enter final judgment in favor of Defendants under Fed. R. Civ. P. 58. All pending hearing dates are stricken. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

  Plaintiff Dennis R. Merritt has brought the present action *pro se*, alleging an unlawful conspiracy involving Defendants Peskind Law Firm and John Peskin (collectively, "Peskin Defendants"), Defendants Angela Minella, Gail E. Minella, and Michael Minella (collectively, "Minella Defendants"), Defendants Bradley David, Joseph Grady, and Clint Hull (collectively, "Judicial Defendants"), and Defendant Michael Doyen. The alleged conspiracy stems from the ongoing state court proceedings concerning Merritt's divorce from Angela Minella. In his complaint, Merritt asserts numerous claims against Defendants under Illinois and federal law. Peskind Defendants, Minella Defendants, Judicial Defendants, and Doyen each have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. Nos. 27, 30, 60, 72.) For the reasons that follow, all four motions are granted.

## I. Factual Allegations

Merritt's sprawling, 181-page complaint—accompanied by an additional 434 pages of exhibits—is not easily summarized. His claims stem from ongoing and clearly contentious proceedings related to his divorce from Angela Minella. Along with Angela Minella, also named as Defendants are her parents, Gail Minella and Michael Minella; three judges who had some involvement in the divorce proceedings, Bradley David, Joseph Grady, and Clint Hull; and the attorneys or law firms that represented Angela Minella in the divorce proceedings, John Peskind, the Peskind Law Firm, and Michael Doyen. At a high level, Merritt contends that Defendants participated in a criminal conspiracy with the aim of improperly influencing the outcome of Merritt's divorce proceedings before the Circuit Court of Kane County, Illinois, including through acts of forgery and fraud upon the court. His complaint has a particular focus on a child support order issued on September 15, 2023, which he alleges was procured by means of paperwork bearing a forged signature of Angela Minella.

## II. Subject-Matter Jurisdiction

The Court begins by addressing Defendants' challenges to federal subject-matter jurisdiction over Merritt's claims. Under Rule 12(b)(1), a party may make either a factual or facial challenge to subject-matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge occurs when "the complaint is formally sufficient but the contention is that there is ***in fact*** no subject[-]matter jurisdiction," such that the Court may look beyond the complaint and consider evidence as to whether subject-matter jurisdiction exists. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks omitted). Here, all Defendants raise a facial challenge, which requires "only that the court look to the complaint and see if the plaintiff has sufficiently ***alleged*** a basis of subject[-]matter jurisdiction." *Id.* at 443. The same standard used to evaluate facial challenges under Rule 12(b)(1) is used to evaluate motions brought under Rule 12(b)(6). *Silha*, 807 F.3d at 174. Thus, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012) (Rule 12(b)(1)); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012) (Rule 12(b)(6)). In addition, *pro se* complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, the Court finds three independent bases for dismissing Merritt's complaint for lack of subject-matter jurisdiction.

### A. Domestic-Relations Exception

Because his complaint asserts claims under federal law, including claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, Merritt has invoked the Court's federal-question jurisdiction under 28 U.S.C. § 1331. However, under the domestic-relations exception to federal jurisdiction, divorce, alimony, and child-custody decrees, are considered outside of federal jurisdictional bounds. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). The domestic-relations exception stems from the Supreme Court's long-held understanding that the subject of domestic relations belongs to the laws of the States. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Supreme Court has noted that this understanding is supported by "sound policy considerations," as state courts are more adept at handling issues that

arise from domestic-relations decrees due to their close association with relevant state and local government organizations and their special proficiency in handling such issues. *Id.* at 703–04.

The domestic-relations exception covers cases involving "the issuance of a divorce, alimony, or child custody decree." *Id.* at 703. This includes challenges seeking to invalidate or modify orders entered by state courts in domestic-relations cases. *Sheetz v. Norwood*, 608 F. App'x 401, 404 (7th Cir. 2015) ("The defendants are correct that the domestic-relations exceptions would bar [the plaintiff] from seeking to 'void' the state court's custody orders.");[1] *Woolsey v. Woolsey,* No. 2:22-CV-12-TLS-APR, 2022 WL 326558, at *2 (N.D. Ind. Feb. 3, 2022) ("The Court lacks subject[-matter] jurisdiction over the Plaintiff's motion because the motion seeks the modification of a divorce and custody judgment.").

Here, Merritt appears directly to challenge several orders entered in connection with his divorce proceedings—most prominently, the September 2023 child support order. Insofar as he asks this Court to modify or undo any such orders, the domestic-relations exception bars the Court from exercising jurisdiction over those claims. That this case is brought under the Court's federal-question jurisdiction, rather than its diversity jurisdiction, makes no difference. *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (explaining that the domestic-relations exception to federal jurisdiction "appl[ies] to both federal-question and diversity suits").

### B. *Rooker-Feldman* Doctrine

The Court's jurisdiction is also limited by the *Rooker-Feldman* doctrine. Derived from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (internal quotation marks omitted). "*Rooker-Feldman* applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Determining the doctrine's applicability requires a two-step analysis. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). At step one, a court considers whether the plaintiff's federal claims "either directly challenge a state court judgment or are inextricably intertwined with one." *Id.* (internal quotation marks omitted). An inextricably intertwined claim is one in which "the plaintiff alleges an injury caused by the state court judgment." *Hadzi-Tanovic*, 62 F.4th at 399 (internal quotation marks omitted). If step one is resolved in the affirmative, the court

---

[1] *Sheetz* is an unpublished Seventh Circuit order issued after January 1, 2007. Although not precedential, the order's reasoning is persuasive and demonstrates the Seventh Circuit's application of the domestic relations exception to circumstances similar to those presented here. *See* Fed. R. App. P. 32.1(a); 7th Cir. R. 32.1(b).

3

then proceeds to "determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Andrade*, 9 F.4th at 950 (internal quotation marks omitted). "Only if the plaintiff did have such an opportunity does *Rooker-Feldman* strip federal courts of jurisdiction." *Id.*

Merritt's claims are, at minimum, inextricably linked to the various orders entered in his divorce proceeding. All his alleged injuries stem from and cannot be separated from those orders. *Andrade*, 9 F.4th at 950 ("For a federal claim to be inextricably intertwined with a state-court judgment, there must be no way for the injury complained of by the plaintiff to be separated from the state court judgment." (internal quotation marks omitted)). Nor does the Court have any reason to conclude that Merritt did not have the opportunity to raise the federal issues asserted in his complaint in his divorce proceedings. "In determining whether a plaintiff had a reasonable opportunity to bring [his] claim, [courts] focus on difficulties caused not by opposing parties, but by state-court rules or procedures." *Hadzi-Tanovic*, 62 F.4th at 408 (internal quotation marks omitted). Merritt identifies no state-court rules or procedures that prevented him from raising his federal claims in his divorce proceeding. On the contrary, his complaint discusses numerous instances where he brought to the state court's attention many of the issues he complains about in this case.

As a final note, *Rooker-Feldman* is limited to final judgments that preceded the initiation of the federal action. *Mehta v. Att'y Registration & Disciplinary Comm'n*, 681 F.3d 885, 887 (7th Cir. 2021). While the latest state-court judgment challenged in Merritt's complaint was issued in September 2023 (prior to the filing of this action on November 27, 2023), the divorce proceedings remain ongoing. Nonetheless, the Seventh Circuit has observed that an order entered pursuant to the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/101 *et seq.*, is immediately appealable under Illinois state law and thus a final judgment for purposes of *Rooker-Feldman*. *Hadzi-Tanovic*, 62 F.4th at 400–01.

### C. *Younger* Abstention

To the extent the Court's jurisdiction over Merritt's claims is not precluded by the domestic-relations exception and *Rooker-Feldman*, the Court still would abstain from hearing the claims. Under the *Younger* abstention doctrine, federal courts should abstain from exercising jurisdiction over federal claims that seek to interfere with ongoing state-court proceedings. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Relevant here, *Younger* abstention applies "where federal court intervention would intrude . . . into civil proceedings implicating a state's interest in enforcing orders and judgments of its courts." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021).

Ongoing "[p]roceedings related to granting a divorce, child support, or spousal maintenance are areas of 'significant state concern from which the federal judiciary should generally abstain under *Younger*.'" *Ehlers v. Gallegos*, No. 16 C 5092, 2020 WL 43010, at *9 (N.D. Ill. Jan. 3, 2020) (quoting *Parejko v. Dunn Cnty. Cir. Ct.*, 209 F. App'x 545, 546 (7th Cir. 2006)). Here, Merritt's divorce proceedings in state court are certainly parallel to this action and remain ongoing. And Merritt's case before this Court challenges child support and other orders entered in those proceedings. Just as in *Ehlers*, where the plaintiff "request[ed] a remedy that would interfere with the state court's ongoing enforcement of his divorce judgment," *id.* at *8,

Merritt is attempting to obtain a ruling that would interfere with state court's orders stemming from his own divorce judgment. For that reason, in addition to the jurisdictional bars imposed by the domestic-relations exception and *Rooker-Feldman*, it would also be proper for this Court to abstain from exercising jurisdiction pursuant to *Younger*.

### III.     Rule 12(b)(6)

Even if the Court had subject-matter jurisdiction, Merritt's complaint would still be dismissed under Rule 12(b)(6). As an initial matter, Judicial Defendants would very likely be entitled to judicial immunity, thereby requiring that they be dismissed with prejudice. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). In any case, Merritt's complaint's lack of a short and plain statement of the claims would require its dismissal as to all Defendants.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." All Rule 8(a)(2) requires is for the complaint to provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Where a complaint fails to satisfy the minimal showing required by Rule 8(a)(2), it can be dismissed pursuant to Rule 12(b)(6). *See Villaneuva v. Yancy*, No. 15 C 10559, 2016 WL 5720484, at *1 (N.D. Ill. Sept. 30, 2016).

Merritt's complaint is, as noted above, extremely lengthy. It is also confusingly scattershot in terms of its allegations of Defendants' misconduct and skips around chronologically across its many pages. The complaint's prolixity and lack of organization result in a pleading lacking a short and plain statement that would fairly apprise any Defendant of the basis of Merritt's claims for relief. *See, e.g.*, *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial to conduct orderly litigation."). Although *pro se* pleadings are construed liberally, Rule 8(a)(2) still requires that the pleading be understandable. *Job v. Ill. Dept' of Hum. Servs.*, No. 08 C 3838, 2009 WL 255596, at *4 (N.D. Ill. Feb. 2009). Merritt's complaint is not.

5

### IV. Conclusion

For the foregoing reasons, Peskind Defendants, Minella Defendants, Judicial Defendants, and Doyen's motions to dismiss (Dkt. Nos. 27, 30, 60, 72) are granted.[2] Merritt's complaint is dismissed without prejudice for lack of subject-matter jurisdiction. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice."). Although the dismissal is without prejudice, Merritt is advised that this a final, appealable order. If he seeks to appeal this decision, Merritt must file a notice of appeal in this Court within 30 days after the entry of the final judgment on the Court's docket. *See* Fed. R. App. P. 4(a)(1).

Dated: July 30, 2024

                                                                 Andrea R. Wood
                                                                 United States District Judge

---

[2] Merritt also filed a motion to strike certain allegations from Judicial Defendants' reply brief in support of their motion to dismiss. (Dkt. No. 76.) Despite being labeled as a motion to strike, it is apparent that Merritt's motion is intended to rebut various arguments Judicial Defendants made in their reply brief and thereby effectively serves as a sur-reply brief. In any case, the Court sees no reason to strike any arguments made in Judicial Defendants' reply, and therefore Merritt's motion to strike is denied.